UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:18-CR-044-CHB-4 |
| ) | Civil Action No. 6:20-CV-218-CHB |
| v. ) | |
| ) | |
| JAMES TIMOTHY THORNTON, ) | **ORDER ADOPTING MAGISTRATE** |
| ) | **JUDGE'S REPORT AND** |
| Defendant. ) | **RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation ("R&R") filed by United States Magistrate Judge Matthew A. Stinnett, [R. 219]. The R&R addresses Defendant James Timothy Thornton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, [R. 205]. The United States responded in opposition, [R. 213], and Thornton replied, [R. 217]. Magistrate Judge Stinnett then issued an R&R, recommending that the Court deny Thornton's Motion. For the reasons set forth below, the Court will adopt Magistrate Judge Stinnett's R&R and deny Thornton's Motion.

On August 23, 2018, a grand jury indicted Thornton on one count of conspiracy to distribute fifty (50) or more grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. [R. 1]. On May 29, 2019, Thornton pleaded guilty to the charge, [R. 102]. He entered an open plea, and there was no written plea agreement between the parties. *See* [R. 126, pp. 25–26; R. 219, p. 1]. On October 29, 2019, this Court held Thornton's sentencing hearing. [R. 158]. The Presentence Investigation Report and Addendum, prepared by the United States Probation Office, calculated that the quantity of actual methamphetamine attributable to Thornton totaled 15.0309 kilograms. [R. 219, p. 2]. Considering that quantity, Thornton's criminal history

category of III, and a three-level reduction for acceptance of responsibility, Thornton's guideline range was 210–262 months' imprisonment. *Id.* The Court varied downward and sentenced Thornton to 174 months' imprisonment followed by five years of supervised release. *Id.*; [R. 159]. Thornton did not file a direct appeal. *See* [R. 205, p. 4].

On October 30, 2020, Thornton filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *Id.* at 1–12. His Motion contains two grounds for relief. First, he argues that there was insufficient evidence of the quantity of actual methamphetamine attributable to him and that his counsel was ineffective for failing to challenge the calculated quantity. *Id.* at 4. Second, he argues that he did not participate in any plea negotiation, and that his counsel failed to explain his plea options or the consequences of an open plea. *Id.* at 5. Specifically, he argues that if he had participated in the plea negotiations, he "could have had a binding plea (if accepted by the court) that would have resulted in a sentence of about 4 years shorter in duration." *Id.*

On April 18, 2022, Magistrate Judge Stinnett issued an R&R, in which he recommended that the Court deny Thornton's Motion. [R. 219]. In addressing Thornton's arguments, Magistrate Judge Stinnett first noted that sufficiency of the evidence claims are ordinarily not cognizable on collateral review. [R. 219, p. 4]. To succeed on his claim, Thornton must demonstrate cause to excuse his failure to raise the issue on direct appeal and actual prejudice stemming from the default, or actual innocence. *Id.* at 4–5. Applying this standard to Thornton's claims, Magistrate Judge Stinnett concluded Thornton had not attempted to show either cause and prejudice, or actual innocence. *Id.* Magistrate Judge Stinnett further determined that Thornton knew of the facts relevant to the substance purity and quantity questions he now poses (for example, the use of co-defendant admissions) prior to his guilty plea, which required him to admit all facts necessary to prove the conspiracy offense, including the quantity of actual

methamphetamine for which he was responsible. *Id.* Magistrate Judge Stinnett also found that the record confirmed that sufficient evidence supported Thornton's plea and conviction. *Id.*

As to Thornton's ineffective assistance of counsel claim, Magistrate Judge Stinnett considered the elements necessary to prevail on the claim: there must be a deficient performance (meaning the attorney's representation fell below an objective standard of reasonableness), and the defendant must demonstrate how that deficient performance prejudiced him. *Id.* at 6–7 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Applying this standard to Thornton's claims, Magistrate Judge Stinnett concluded that he failed to meet both prongs of this standard and his Motion should therefore be denied. *Id.* Specifically, Magistrate Judge Stinnett found that Thornton's counsel reasonably believed that the quantity of actual methamphetamine was accurate, and that Thornton had not shown that, had counsel further investigated the quantity evidence, Thornton would have chosen to proceed to trial. *Id.* at 7–8.

As to Thornton's second claim, that counsel failed to inform him of plea options or the consequences of an open plea, Magistrate Judge Stinnett found that this claim likewise failed on both prongs of the *Strickland* test. *Id.* at 9. First, he noted that Thornton stated, under oath, that he had sufficient time to discuss the plea with his counsel, was satisfied with his representation, and that they had discussed the possible sentencing consequences of his plea. *Id.* at 10–11; *see also* [R. 126, pp. 16, 25–28]; *Blackledge v. Allison*, 431 U.S. 53, 74 (1977). Accordingly, Magistrate Judge Stinnett found that the record, including Thornton's sworn statements, refuted Thornton's claims that his counsel performed deficiently in these regards. [R. 219, p. 11]. Second, Magistrate Judge Stinnett determined that Thornton cannot demonstrate that he would not have pleaded guilty had he had more fully discussed the consequences, because this Court's on-the-record discussion of the potential consequences of his plea cured any prior

misunderstandings. *Id.* at 11–12. Additionally, as Thornton already received a substantial downward variance in his sentencing, he has not shown that a binding plea would have resulted in an even lower sentence. *Id.* at 12.

Finally, Magistrate Judge Stinnett found an evidentiary hearing unnecessary and recommended that a certificate of appealability be denied. *Id.* at 13–14.

Magistrate Judge Stinnett's R&R advised the parties that any objections must be filed within fourteen days of the entry of the R&R. *Id.* at 14. The time to file objections has passed, and neither party has filed any objections to the R&R nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Stinnett's R&R. This Court also agrees that an evidentiary hearing is unnecessary and that a certificate of appealability should be denied. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Stinnett's Report and Recommendation [**R. 219**] is **ADOPTED** as the opinion of this Court;

- 5 -

2. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **[R. 205]** is **DENIED**.

3. No Certificate of Appealability shall issue.

This the 18th day of May, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY